ADAM P. DANIELS (SBN: 296466)
POLSINELLI LLP
adaniels@polsinelli.com
2049 Century Park E., Ste. 2900
Los Angeles, CA 90067
Telephone: (310) 556-6754
Facsimile: (310) 388-5368

JASON A. WIETJES (*pro hac vice forthcoming*)
POLSINELLI PC
jwietjes@polsinelli.com
4020 Maple Ave., Ste. 300
Dallas, TX 75219
Telephone: (214) 661-5519
Facsimile: (214) 594-5540

DANIEL P. MULLARKEY (*pro hac vice forthcoming*)
POLSINELLI PC
dmullarkey@polsinelli.com
140 I St. NW, Ste. 800
Washington, D.C. 20005
Telephone: (202) 626-8305
Facsimile: (202) 478-0239

Attorneys for Plaintiff Rails International, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAILS INTERNATIONAL, LLC<br><br>Plaintiffs,<br><br>v.<br><br>STILL HERE, INC. and MARA GALEB-ROSKOPP;<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>**1. DECLARATORY JUDGMENT OF NONINFRINGEMENT UNDER LANHAM ACT § 43(A)**<br>**2. DECLARATORY JUDGMENT OF INVALIDITY UNDER LANHAM ACT §§ 2, 23**<br>**3. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br>**4. DISPARAGEMENT / TRADE LIBEL**<br>**5. UNFAIR COMPETITION UNDER CA BUS. & PROF. CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

ORIGINAL COMPLAINT AND JURY DEMAND

106532605.3

1    Plaintiff Rails International, LLC (Rails) files this complaint against

2  Defendants Still Here, Inc. (Still Here) and Mara Galeb-Roskopp (Galeb-Roskopp)

3  (collectively, Defendants).  This is an action in law and equity for judgment of

4  invalidity and/or noninfringement of Still Here's alleged trade dress, intentional

5  interference with economic/business relations, disparagement/trade libel, and

6  unfair competition.  Rails pleads as follows:

7                          **I.    PARTIES**

8    1.    Rails is a California limited liability company having a place of

9  business at 2301 E. 51st St., Vernon, CA 90058.

10    2.    Upon information and belief, Still Here is a New York corporation

11  with a place of business at 167 Canal St., 3rd Fl., New York, NY 10013.

12    3.    Upon information and belief, Ms. Galeb-Roskopp is an employee of

13  Still Here and is named herein because she personally directed, authorized, and

14  participated in the acts giving rise to this action, and has acted with knowledge and

15  control and/or in conspiracy with, and/or is aiding and abetting and/or is otherwise

16  contributing to, benefiting from, and/or is responsible for the acts or omissions of

17  Still Here and is jointly and severally liable for the activities of Still Here

18  complained of herein.  Ms. Galeb-Roskopp may be served at Still Here's place of

19  business.

20                  **II.    JURISDICTION AND VENUE**

21    4.    This Court has personal jurisdiction over Defendants because they (i)

22  have regularly conducted and continue to conduct business in California; (ii)

23  produce Still Here's products in California; (iii) sell Still Here's products in

24  California; (iv) have purposely availed themselves of the laws of California; and

25  (v) the causes of action asserted herein arise out of Defendants' specific contacts

26  with, and conduct in, California.  Defendants have substantial contacts with

27

28

ORIGINAL COMPLAINT AND JURY DEMAND

California and it would not offend notions of due process, fair play, and substantial justice for Defendants to be brought before this Court.

5.      This Court has subject matter jurisdiction over this dispute because Rails' claims arise under 28 U.S.C. §§ 1331, 1338, 2201, and 2202 based on an actual controversy between Rails and Still Here arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq*. and 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

6.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Rails' causes of action occurred in this District.

### III.    FACTUAL ALLEGATIONS

### A.    General Allegations

8.      This action arises from a baseless campaign by Still Here and one of its employees, Ms. Galeb-Roskopp, to intimidate its competitor Rails and Rails' major retail partners by asserting nonexistent trade dress rights in a clothing design that the United States Patent and Trademark Office (Trademark Office) has refused to register and determined to be functional.

9.      Rails is a global women's and men's apparel and accessories brand, selling in more than 30 countries through 1,200 wholesale partners, including Nordstrom, Saks Fifth Avenue, Neiman Marcus, Bloomingdale's, Harvey Nichols, and Galeries Lafayette, among others.  Rails operates a fleet of more than 23 global-branded retail stores and its own ecommerce website.  Its collections are synonymous with an effortless California comfort fused with a refined European aesthetic.  Rails has generated more than $1 billion in retail sales to date.

ORIGINAL COMPLAINT AND JURY DEMAND

1    10.    Rails sells its "Normandie Pant," a modern denim pant featuring a

2    drawstring waistband.  Retailers also list this style as "Normandie High Rise

3    Straight Jeans" (the Rails Products).

4    11.    Still Here could not to secure trade dress protection for its claimed

5    configuration of a "waistband," "drawstring," and "toggle closure" because the

6    Trademark Office found such features to be functional or "a simple way to hold up

7    pants." Despite the Trademark Office's clear rejection, Defendants have embarked

8    on an extrajudicial campaign of threats and misinformation to unfairly compete

9    with Rails.

10    12.    Acting through Ms. Galeb-Roskopp, who has represented herself to be

11    the company's legal counsel[1], Still Here sent letters to Rails' key retail partners,

12    including at least Bloomingdale's and Nordstrom[2], falsely asserting legal claims

13    that the Rails Products infringe Still Here's "protected" trade dress and warning of

14    liability if those retailers continue to sell the Rails Products.

15    13.    Defendants' statements and allegations are false.  The alleged trade

16    dress is unprotectable because it is functional, commonplace, and lacks secondary

17    meaning.

18

---

19    [1] Upon information and belief, Ms. Galeb-Roskopp is not admitted to practice law
20    in the State of New York or in any other jurisdiction.  A preliminary investigation,
      including a search of the New York State Unified Court System's attorney
21    registration database, did not return any attorney registration record for Ms. Galeb-
      Roskopp. As shown in **Exhibits D and E** (discussed below), Ms. Galeb-Roskopp
22    (1) asserted legal rights in "trade dress," including "secondary liability for trade
23    dress infringement," (2) threatened the pursuit of "all available legal remedies,
      including direct action against your company," (3) asserted legal infringement, and
24    (4) concluded with an email address "Legal@stillhere.nyc."

25    [2] See **Exhibits D and E** for true and correct copies of Still Here's letters to
26    Bloomingdales and Nordstroms. These are the retailers that Rails has knowledge of
      to date.  To the extent Rails learns of additional retail partners that have been
27    targeted by Defendants, it will seek leave as necessary to amend its Complaint
28    accordingly.

ORIGINAL COMPLAINT AND JURY DEMAND

106532605.3

14.     Defendants' baseless threats have caused tangible harm to Rails.  At least one major retailer has removed and/or discontinued selling Rails Products and suspended further orders.  Defendants' actions have damaged Rails' business relationships, disrupted its distribution channels, and harmed its reputation and goodwill among its retail partners and consumers.

15.     Rails brings this action to vindicate its rights, protect its reputation, and restore fair competition.  Rails seeks declaratory relief confirming it has not infringed any valid trade dress rights of Defendant, along with damages and injunctive relief for Defendants' illegal actions and unlawful conduct.

16.     This Court's intervention is necessary to stop Defendants' ongoing attempts to weaponize unfounded intellectual property claims against a lawful competitor and to ensure that the California and broader retail marketplace remains governed by fairness, not intimidation.

**B.    Defendants' Wrongful Acts**

17.     Still Here sells various styles of apparel with a focus on denim products.

18.     One such product is a model referred to as the "Cool" jean, which features a waistband with a drawstring and toggle closure (the alleged "Still Here Trade Dress").

19.     On September 11, 2025, Ms. Galeb-Roskopp, on behalf of Still Here, sent a cease and desist letter to Rails alleging the Normandie Pant infringes the purported Still Here Trade Dress (the C&D Letter).  A true and correct copy of the C&D Letter is submitted herewith as **Exhibit A**.

20.     The C&D Letter demanded that Rails cease manufacturing and selling its Normandie Pant and accused Rails of "unauthorized use" of Still Here's intellectual property, namely the Still Here Trade Dress. See **Exhibit A**.

ORIGINAL COMPLAINT AND JURY DEMAND

106532605.3

21.     Rails investigated Defendants' claims and responded by letter dated September 18, 2025 (the C&D Response).  A true and correct copy of the C&D Response is submitted herewith as **Exhibit B**.

22.     Rails explained the asserted "trade dress" was functional and commonplace in the apparel industry and that Still Here could not claim exclusive rights in a drawstring waistband or toggle closure.

23.     Rails further noted the Trademark Office has issued a Final Office Action refusing registration of Still Here's purported trade dress on the ground it is functional, utilitarian, and therefore unprotectable (Trademark Office Refusal).  A true and correct copy of the Trademark Office Refusal is submitted herewith as **Exhibit C**.

24.     Importantly, the Trademark Office Refusal predated the C&D Letter.

25.     The Trademark Office Refusal unequivocally confirms the Still Here Trade Dress merely comprises a configuration of elements that "are a simple way to hold up pants."  The Trademark Office also determined the photos submitted by Still Here "contradict its allegation" that the "three simple elements" comprising the alleged Still Here Trade Dress (*i.e.*, "a waistband, a drawstring, and a toggle closure") do not "provide any mechanical or cost-based advantage over other existing pant closure systems."  The Trademark Office additionally found there was no reason to consider whether alternative configurations are possible, as alleged by Still Here, due to the overall functionality of the alleged Still Here Trade Dress.

26.     The Trademark Office concluded the alleged Still Here Trade Dress is functional and unregistrable.

27.     In addition to being functional, the alleged Still Here Trade Dress is nondistinctive; nor is it otherwise source identifying.

28.     Despite the Trademark Office's final and conclusive determination of functionality, and the utter lack of any secondary meaning, Still Here proceeded to

ORIGINAL COMPLAINT AND JURY DEMAND

1  assert infringement claims against Rails and to threaten Rails' retail partners in

2  connection with the Still Here Trade Dress.

3       29.    On October 1, 2025, Ms. Galeb-Roskopp, acting on behalf of Still

4  Here, sent written demands to Bloomingdale's and Nordstrom—two of Rails'

5  major retail partners—accusing them of offering "infringing listings" and

6  threatening "secondary liability for trade-dress infringement" if they did not

7  remove listings of Rails Products and stop selling Rails Products (collectively, the

8  Retail Notice Letters).  True and correct copies of the Retail Notice Letters are

9  submitted herewith as **Exhibits D and E**, respectively.

10       30.    The Retail Notice Letters falsely represent that Still Here possesses

11  "protected trade dress rights" despite the Trademark Office denying registration of

12  the Still Here Trade Dress as functional, and despite the fact the Still Here Trade

13  Dress is nondistinctive.

14       31.    Upon information and belief, Ms. Galeb-Roskopp personally

15  participated in the preparation and transmittal of the C&D Letter and the Retail

16  Notice Letters.

17       32.    Upon further information and belief, in doing so Ms. Galeb-Roskopp

18  was acting outside the scope of her employment, as she is not an attorney, and was

19  communicating in her individual capacity on behalf of Still Here.

20       33.    Defendants' actions have interfered with, and continue to interfere

21  with, Rails' business relationships and have damaged and continue to damage its

22  goodwill with its retail partners and consumers.

23       34.    A real and immediate controversy exists between Rails and

24  Defendants concerning allegations that Rails infringes the purported Still Here

25  Trade Dress.

26       35.    Rails brings this action to obtain a judicial declaration confirming the

27  Rails Products do not infringe any valid trade dress rights of Still Here—including

28  the Still Here Trade Dress—and to recover damages caused by Defendants'

1    wrongful conduct and enjoin Defendants from further dissemination of false or

2    misleading statements concerning Rails or its products and otherwise competing

3    unfairly with Rails.

4                                      **COUNT I**

5    **(Declaratory Judgment of Noninfringement Under Lanham Act § 43(a))**

6          36.    Rails repeats and realleges each of the foregoing paragraphs as if fully

7    set forth herein.

8          37.    An actual, justiciable controversy exists between Rails and

9    Defendants concerning the alleged Still Here Trade Dress.  Defendants have

10   accused Rails of infringing the purported Still Here Trade Dress and have

11   demanded that Rails cease selling its Normandie Pant and that Rails' retail partners

12   remove Rails Products from sales channels.

13         38.    Defendants' C&D and Retail Notice Letters constitute express

14   allegations of infringement and have created a reasonable apprehension that Still

15   Here will initiate legal action against Rails and/or its retail partners if the Rails

16   Products remain on the market.

17         39.    Rails denies the Rails Products infringe any valid trade dress rights of

18   Still Here and denies that Still Here is entitled to any relief whatsoever based on

19   the sale or distribution of Rails Products, including under Section 43(a) of the

20   Lanham Act.

21         40.    A judicial declaration is necessary and appropriate to resolve the

22   controversy between the parties and to protect Rails, its customers, and its retail

23   partners from ongoing uncertainty and business disruption.

24         41.    Rails seeks a declaration that (i) the Rails Products do not infringe any

25   valid trade dress or other intellectual property rights owned or claimed by Still

26   Here, including the Still Here Trade Dress; (ii) Defendants are not entitled to assert

27   or enforce any such rights against Rails or its retail partners; and (iii) Defendants

28   must cease further dissemination of false or misleading statements alleging

106532605.3

infringement of the Still Here Trade Dress and otherwise competing unfairly with Rails.

## COUNT II

### (Declaratory Judgment of Invalidity Under Lanham Act §§ 2, 23)

42.    Rails repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

43.    An actual, justiciable controversy exists between Rails and Defendants regarding the validity and enforceability of the alleged Still Here Trade Dress.

44.    Still Here claims to own exclusive trade dress rights in a denim pant configuration consisting of a "a waistband, a drawstring, and a toggle closure" (*i.e.*, the Still Here Trade Dress).

45.    The Still Here Trade Dress is not protectable because it is functional, commonplace in the apparel industry, and lacks distinctiveness or secondary meaning and does not otherwise serve as a source identifier.

46.    The Trademark Office refused registration of Still Here's application to register the Still Here Trade Dress, finding, among other things, that it is functional and "a simple way to hold up pants."

47.    The Trademark Office's refusal, issued before the C&D Letter and the Retail Notice Letters, conclusively determined the Still Here Trade Dress is functional and incapable of trademark protection under Sections 2(e)(5) and 23(c) of the Lanham Act.

48.    Notwithstanding that determination, Defendants have continued to assert the Still Here Trade Dress constitutes protected trade dress and have threatened Rails and its retail partners with liability for alleged infringement.

49.    Rails disputes that Still Here owns or possesses any enforceable trade dress rights in the Still Here Trade Dress or any alternative configuration or similar design.

ORIGINAL COMPLAINT AND JURY DEMAND

106532605.3

50.    A judicial declaration is necessary to resolve this controversy between the parties and to prevent Defendants from further asserting invalid and unenforceable trade dress rights against Rails and/or its retail partners.

51.    Rails seeks a declaration that the Still Here Trade Dress is functional, lacks distinctiveness and secondary meaning, and is invalid and unenforceable as trade dress under California and federal law.

**COUNT III**

**(Intentional Interference with Prospective Economic Advantage)**

52.    Rails repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

53.    Rails maintains ongoing economic and business relationships with its retailers, including Bloomingdale's and Nordstrom, which sell and promote Rails' apparel throughout the United States and in California.

54.    Rails' ongoing economic and business relationships with these retail partners have the probability of providing future economic benefit to Rails.

55.    Defendants were aware of Rails' economic and business relationships with these retailers at the time they issued the C&D Letter and the Retail Notice Letters.

56.    Defendants' intentional and wrongful actions were designed to disrupt Rails' economic and business relationships with these retailers.

57.    Defendants intentional and wrongful interference with Rails' economic and business relationships by sending false and misleading communications to Bloomingdale's and Nordstrom and accusing them of selling infringing products and threatening them with "secondary liability for trade-dress infringement" if they continue to sell Rails Products has caused actual disruption to Rails' economic and business relationships with Bloomingdale's and Nordstrom.

58.    Specifically, Defendants acted without justification and through wrongful means, including:  (i) knowingly misrepresenting Still Here possesses

"protected trade dress rights" in the Still Here Trade Dress; (ii) threatening litigation based on these false claims; and (iii) disseminating misleading communications intended to induce Rails' retail partners to terminate or suspend their relationships with Rails and/or stop selling Rails Products.

59.    Defendants' intentional and wrongful conduct has caused actual disruption of Rails' economic and business relationships.  Defendants' wrongful conduct has caused one or more of Rails' retail partners to remove Rails Products from its online platform, cancel or suspend existing orders, and/or decline to place future orders.  Defendants' retail partners have further placed additional terms and conditions on Rails as a prerequisite to continuing to sell Rails' product offerings.

60.    Defendants' actions have interfered with Rails' economic and business relationships.

61.    As a direct and proximate result of Defendants' interference, Rails has suffered and is entitled to and seeks damages in an amount to be determined at trial, including compensatory damages, further including lost profits, harm to reputation and diminution in value of its business, along with pre- and post-judgment interest.

62.    Defendants' conduct was willful, malicious and in bad faith, warranting the imposition of punitive or exemplary damages.

63.    Defendants' conduct has caused, and if not enjoined will continue to cause, irreparable harm to Rails.  Rails has no adequate remedy at law. Accordingly, Rails is entitled to and seeks injunctive relief.

## COUNT IV

### (Disparagement / Trade Libel)

64.    Rails repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

65.    Defendants published false statements of fact concerning Rails Products to third parties, including Bloomingdale's and Nordstrom.

66.    Specifically, Defendants falsely stated the Rails Products infringe Still Here's "protected trade dress rights" in the Still Here Trade Dress and that these retailers could face "secondary liability for trade-dress infringement."

67.    These statements were false when made and Defendants had no privilege to make them.

68.    Defendants made these false statements with knowledge of their falsity or with reckless disregard for their truth.

69.    Defendants' statements were made intentionally, maliciously, and in bad faith for the foreseeable and improper purpose of damaging Rails' reputation and business relationships and of suppressing lawful competition in the marketplace.

70.    Defendants' false statements were communicated to third parties without justification and were reasonably understood by those third parties to disparage the quality and legitimacy of Rails and the Rails Products.

71.    Defendants' knew or should have recognized that Rails' retail partners might rely on their statements to Rails' financial detriment.

72.    Defendants' wrongful conduct has caused one or more of Rails' retail partners to remove Rails Products from its online platform, cancel or suspend existing orders, and/or decline to place future orders.  Defendants' retail partners have further placed additional terms and conditions on Rails as a prerequisite to continuing to sell Rails' product offerings.

73.    Rails has suffered direct financial harm due to its retail partners' reliance on Defendants' false statements.

74.    Defendants' conduct was a substantial factor in causing Rails' harm.

75.    Defendants' conduct was willful, malicious and in bad faith, warranting the imposition of punitive or exemplary damages.

76.    As a direct and proximate result of Defendants' actions, Rails has suffered and is entitled to and seeks damages in an amount to be determined at

1  trial, including special damages resulting from the direct financial harm Rails has
2  suffered as a result of Defendants' actions.

3       77.    Defendants' conduct has caused, and if not enjoined will continue to
4  cause, irreparable harm to Rails.  Rails has no adequate remedy at law.
5  Accordingly, Rails is entitled to and seeks injunctive relief.

6  **COUNT V**
7  **(Unfair Competition, CA Bus. & Prof. Code § 17200)**

8       78.    Rails repeats and realleges each of the foregoing paragraphs as if fully
9  set forth herein.

10       79.    Defendants' actions alleged herein constitute unlawful business acts
11  under Section 17200 of the California Business and Professions Code.

12       80.    Defendants' actions alleged herein constitute unlawful business acts
13  or practices in the course of business, trade, or in commerce.

14       81.    Defendants' actions have caused and are causing irreparable harm and
15  injury to Rails and its goodwill and reputation and will continue to damage Rails
16  and confuse and deceive the public unless enjoined.  Rails has no adequate remedy
17  at law.

18       82.    Accordingly, Rails is entitled to and seeks injunctive relief and
19  restitution in an amount to be proven at trial, together with pre- and post-judgment
20  interest.

21  **PRAYER FOR RELIEF**

22       Rails requests that the Court enter judgment in its favor and against
23  Defendants, jointly and severally, as follows:

24       a.    declaring the Rails Products do not infringe any valid trade dress or
25              other intellectual property right owned or claimed by Still Here;
26       b.    declaring the trade dress claimed and asserted by Defendants is
27              functional, lacks distinctiveness and secondary meaning, and is

28

13
ORIGINAL COMPLAINT AND JURY DEMAND

invalid and unenforceable as trade dress under federal and California law;

c.   permanently enjoining Defendants and all persons acting in concert with them from (i) asserting that Rails or its products infringe the alleged Still Here Trade Dress, (ii) sending or publishing any further or additional false or misleading communications concerning Rails or its products, and (iii) otherwise interfering with Rails' contractual, economic, business, or prospective relations;

d.   awarding Rails damages in an amount to be determined at trial, totaling at least $1,5000,000;

e.   awarding punitive or exemplary damages based on Defendants' willful and malicious conduct raising Rails' total damages to at least $4,500,000;

f.   awarding Rails its costs and reasonable attorneys' fees pursuant to applicable law along with pre- and post-judgment interest; and

g.   granting such other and further relief as Rails may be entitled to.

Dated:  October 20, 2025                  Respectfully Submitted,


By:   */s/ Adam P. Daniels*
      Adam P. Daniels


## DEMAND FOR TRIAL BY JURY

Rails demands a trial by jury on its claims against Defendants.

Dated:  October 20, 2025                  Respectfully Submitted,


By:   */s/ Adam P. Daniels*
      Adam P. Daniels

ORIGINAL COMPLAINT AND JURY DEMAND
106532605.3